UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE BROOKLYN BRANCH OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE,<br><br>Plaintiff,<br><br>-against-<br><br>PETER S. KOSINSKI, in his official capacity as Co-Chair of the State Board of Elections, et al.,<br><br>Defendants. | <br><br>Case No. 21-cv-7667-KPF |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE STATE BOARD DEFENDANTS' MOTION *IN LIMINE***

Plaintiff Brooklyn Branch of the NAACP ("Brooklyn NAACP") submits this memorandum in opposition to the New York State Board of Elections Defendants' ("State Board") motion *in limine* (ECF No. 97). The motion should be denied in its entirety. First, the objected-to testimony of Brooklyn NAACP's witnesses falls within multiple exceptions to the rule against hearsay and, in any event, may be considered for non-hearsay purposes. The same is true of survey responses received by Brooklyn NAACP, Exhibit P-24. Exhibit P-45, which reflects confusion about the meaning of the Line Warming Ban, is admissible under the "state of mind" exception to the hearsay rule. Fed. R. Evid. 803(3). Finally, the remaining challenged exhibits are not relied upon for the truth of any statements contained therein, and therefore are not hearsay under Rule 801(c)(2).

**ARGUMENT**

**I.   The objected-to testimony of L. Joy Williams and Joan Alexander Bakiriddin is not inadmissible hearsay.**

The State Board objects to three statements found in paragraphs 28-29 of L. Joy Williams's declaration, and statements in paragraphs 12 and 18-19 of Joan Bakiriddin's declaration, as hearsay. But each falls within exceptions to the rule against hearsay and may, in any event, be considered for purposes other than to prove the truth of the relevant statements.[1]

The State Board objects to the following statements in the Williams declaration: (1) that voters "repeatedly thanked [Ms. Williams] for [her support] and responded with warm, welcoming smiles and expressions of gratitude;" (2) that "[v]oters thanked us for recognizing the importance of practicing COVID safety while voting;" and (3) that voters "greeted [Ms. Williams] and other volunteers with gestures like a thumbs up or the Black Power fist." ECF No. 98 at 2 (quoting Williams Decl. ¶¶ 28-29). The State Board objects to Ms. Bakiriddin's statements that (1) she was "approached by voters asking about voter registration while [she] was just standing on a street corner, because [she] was wearing NAACP apparel" and (2) she "frequently received questions from voters about the lines and the voting process." *Id.* (quoting Bakiriddin Decl. ¶¶ 12, 18-19).

Each of the objected-to statements is admissible under Rules 803(1) and (3) as both a present sense impression and statement of the declarant's then-existing state of mind or mental, emotional, or physical condition.

First, each of the verbal and nonverbal statements in the objected-to testimony of both witnesses is "[a] statement describing or explaining an event or condition"—namely, the voter's

---

[1] Although the State Board's motion objects to "Paragraphs 28-30" of the Williams Declaration, it does not identify any objectionable statements in paragraph 30. To the extent any of the statements in paragraph 30 are alleged to contain hearsay, they are admissible for the same reasons as the statements in paragraphs 28 and 29, discussed further below.

gratitude and appreciation for Brooklyn NAACP's message—"made while or immediately after the declarant perceived it." Fed. R. Evid. 803(1). "Such statements are considered to be trustworthy because the contemporaneity of the event and its description limits the possibility for intentional deception or failure of memory." *United States v. Jones*, 299 F.3d 103, 112 (2d Cir. 2002).

Second, expressions of gratitude, appreciation, and recognition are also "[a] statement of the declarant's then-existing state of mind . . . or emotional, sensory, or physical condition." Fed. R. Evid. 803(3). "Recognizing that the exception under Rule 803(3) is a specialized application of the present sense impression and excited utterance exceptions preceding it in Rule 803, the reasons for the state of mind exception focus on the contemporaneity of the statement and the unlikelihood of deliberate or conscious misrepresentation." *United States v. Cardascia*, 951 F.2d 474, 487 (2d Cir. 1991). Those same markers of truthfulness are present in each of the objected-to statements.

Even if neither of these exceptions applied, the Court may consider the verbal and nonverbal reactions of voters for non-hearsay purposes. *See* Fed. R. Evid. 801(c)(2) (defining hearsay as a statement that "a party offers in evidence to prove the truth of the matter asserted in the statement"). These statements are offered to show that voters "understood Brooklyn NAACP's activity to communicate at least some message." ECF No. 86 ¶ 19. That voters responded to the Brooklyn NAACP's expressive conduct at all is probative of the fact that a message was received without regard to the truth of the voters' responsive statements. "[T]he mere utterance of a statement, without regard to its truth, may indicate circumstantially the state of mind of the declarant and is *not hearsay* (e.g. 'I am Napoleon.')." *Smith v. Duncan*, 411 F.3d 340, 346 n.4 (2d Cir. 2005) (quotations omitted) (explaining the difference between the "state of mind" exception under Rule 803(3) and evidence offered for the non-hearsay purpose of showing state of mind).

3

Finally, the objected-to portions of Ms. Bakiriddin's testimony are also not hearsay because questions posed to her by voters are not "statements" under Rule 801(a). *See* Fed. R. Evid. 801(a) ("'Statement' means a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion."); *United States v. Dominguez-Gabriel*, 511 F. App'x 17, 20 (2d Cir. 2013) (summary order) (explaining that "questions posed—rather than statements made—by [an informant] . . . do not constitute hearsay" (citing Fed. R. Evid. 801(a), (c))); *United States v. Roye*, No. 3:15-cr-29 (JBA), 2016 WL 4147133, at *3 (D. Conn. Aug. 4, 2016) ("[T]he question 'the witness said they saw me and Mr. Roye too?' is far from an 'oral assertion, written assertion, or nonverbal conduct intended to be an assertion.'" (quoting Fed. R. Evid. 801(a)) (alterations omitted)).

Because each of the objected-to statements is not hearsay or falls under exceptions to the rule against hearsay, all are admissible. At the very least, each may be considered for non-hearsay purposes.

## II. Survey responses are not inadmissible hearsay.

The State Board next objects to Exhibit P-24, which is a compilation of survey responses about the voting experiences, including reports of long lines, of Brooklyn NAACP members.[2] These responses are not hearsay under Rule 801(c)(2) because they are not offered to prove the truth of the matter asserted. They are offered, as the State Board acknowledges, to show that "[l]ong lines at the polls are a significant issue of concern for Brooklyn NAACP." ECF No. 98 at 3. The survey responses, which contain complaints about long lines communicated to Brooklyn NAACP by its members, are probative of that fact without regard to the truth of the statements in the complaints. In other words, the fact that members communicated these complaints shows that

---

[2] The State Board has not challenged the authenticity of this document or any of Plaintiff's other exhibits. *See* ECF No. 80.

4

Brooklyn NAACP had reason to believe that its members were experiencing long lines, regardless of whether their reports of long lines are true. *See Smith*, 411 F.3d at 346 n.4. And to the extent that the survey responses are construed as a statement that the responding members are concerned about long lines, they are admissible under Rule 803(3) as a statement of the respondents' then-existing state of mind. *Id.*

### III. Exhibit P-45 is admissible under Rule 803(3).

The State Board next objects to Exhibit P-45, in which Susan Lerner, a representative of the organization Common Cause, expresses confusion about the meaning of the exceptions to Section 17-140 under a proposed amendment. This document is admissible under Rule 803(3) as a statement of the declarant's then-existing state of mind—i.e., confusion. *See, e.g., Fun-Damental Too, Ltd. v. Gemmy Indus. Corp.*, 111 F.3d 993, 1003-04 (2d Cir. 1997).

### IV. Pleadings and affidavits from a separate lawsuit may be considered for non-hearsay purposes.

The State Board next objects to the introduction of pleadings and affidavits in unrelated litigation in Ulster County, Exhibits P-47, P-48, and P-50. None of these documents is offered for the truth of any out-of-court statements, and therefore each document is non-hearsay under Rule 801(c)(2). As the State Board concedes, Brooklyn NAACP seeks to use these documents to show that "long wait times are not an issue of concern solely in New York City." ECF No. 98 at 4 (quoting ECF No. 86 ¶ 10). The State Board itself explains why these documents are not hearsay: "Plaintiff seeks to use the content of these documents—i.e., the author's purported 'concern' about voting lines in Ulster County, to show that such concerns were, in fact, raised." *Id.* These documents therefore are not offered for the truth of the matter asserted—i.e., that there actually were long lines in Ulster County. Regardless of whether the allegations in these documents are true, they plainly show that concerns about long lines were *raised* in Ulster County.

5

V. **Newspaper articles may be considered for non-hearsay purposes.**

Finally, the State Board objects to Exhibits P-59, P-60, P-61, P-62, and P-63 on hearsay grounds. These documents are not hearsay under Rule 801(c)(2) because the statements therein are not offered to prove the truth of the matter asserted. As the State Board acknowledges, Brooklyn NAACP relies upon these documents to establish that "local and national news organizations reported extensively on the issue" of long voting lines. ECF No. 98 at 5 (quoting ECF No. 86 ¶ 8). Exhibits P-59, P-60, P-61, P-62, and P-63 are probative of that fact without reference to the truth or accuracy of any statements in the articles. This extensive reporting tends to show that long voting lines—the subject of Brooklyn NAACP's expressive conduct—are "an issue of concern in the community," which increases the likelihood that voters will understand the message expressed by Brooklyn NAACP's expressive conduct. *See Fort Lauderdale Food Not Bombs v. City of Fort Lauderdale*, 901 F.3d 1235, 1242 (11th Cir. 2018); ECF No. 86 ¶ 51.[3]

## CONCLUSION

The State Board's motion *in limine* should be denied in its entirety.

Dated: February 26, 2024

Respectfully submitted,

By: */s/ Lalitha D. Madduri*
Lalitha D. Madduri*
Jyoti Jasrasaria*
Richard A. Medina
Meaghan Elysia Mixon*
ELIAS LAW GROUP LLP
250 Massachusetts Avenue NW, Suite 400
Washington, DC 20001
Tel: 202.968.4490
Fax: 202.968.4498
LMadduri@elias.law

---

[3] The State Board contends that Brooklyn NAACP seeks to use these exhibits to prove that long lines make it necessary to provide food and drink to voters, ECF No. 98 at 5, but the only paragraph of Plaintiff's Proposed Findings of Fact and Conclusions of Law the State Board critiques on this basis does not cite or rely upon any of the challenged exhibits, *see* ECF No. 86 ¶ 20.

JJasrasaria@elias.law
RMedina@elias.law
MMixon@elias.law

Abha Khanna*
ELIAS LAW GROUP LLP
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
Tel: 206.656.0177
Fax: 202.968.4498
AKhanna@elias.law

Andrew G. Celli
EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP
600 Fifth Avenue, 10th Floor
New York, NY 10020
Tel: 212.763.5000
Fax: 212.763.5001
ACelli@ecbawm.com

* Admitted *pro hac vice*

The Court is in receipt of the Defendant State Board's untimely motion *in limine*. (Dkt. #97). The Court will accept this late submission in this one instance.

For the reasons set forth below, the Court (i) DENIES the Board's motion regarding the objected-to testimony of L. Joy Williams and Joan Alexander Bakiriddin; (ii) GRANTS the Board's motion with respect to Exhibit P-45; and (iii) reserves judgment on admissibility regarding the survey responses, the pleadings and affidavits from a separate lawsuit, and the newspaper articles.

*First*, each of the objected-to statements of L. Joy Williams and Joan Alexander Bakiriddin are admissible under Federal Rules of Evidence 803(1) and (3) as both a present sense impression and statement of the declarant's then-existing state of mind or mental, emotional, or physical condition. Additionally, the objected-to portions of Ms. Bakiriddin's testimony are not hearsay because questions posed to her by voters are not "statements" under Rule 801(a). *See* Fed. R. Evid. 801(a) ("'Statement' means a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion.").

*Second*, the testimony of a singular representative of an organization expressing confusion about the meaning of the exceptions to Section 17-140 is of limited relevance and utility to the Court and is, therefore, excluded under Federal Rule of Evidence 401. Plaintiff is welcome to make arguments regarding the ambiguity of Section 17-140 to the Court and the Court will draw its own conclusions.

*Third*, the Court reserves judgment on admissibility regarding the survey responses, the pleadings and affidavits from a separate lawsuit, and newspaper articles. Depending on how the statements made in these exhibits are incorporated in Plaintiff's case, these statements can be used for non-hearsay purposes under Rule 801(c)(2). *See, e.g., Jackson v. Jimino*, 506 F. Supp. 2d 105, 113-14 (N.D.N.Y. 2007) (accepting that news articles were being entered for the purpose that such statements were published rather than for the truth of the matter reported therein and that news articles may serve useful non-hearsay purposes).

The Clerk of Court is directed to terminate the pending motions at docket number 84, 87, and 97.

SO ORDERED.

Dated:   February 27, 2024
         New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE