**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

THE BROOKLYN BRANCH OF THE
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE,

    Plaintiff,

  -against-

PETER S. KOSINSKI, in his official capacity
as Co-Chair of the State Board of Elections, et
al.,

    Defendants.

Case No. 21-cv-7667-KPF



**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR RECONSIDERATION**

   Plaintiff submits this memorandum in support of its motion for reconsideration of the

Court's ruling to admit State Board Defendants' late-disclosed Exhibit D-22 during the final pre-

trial conference on February 22, 2024.

**I. Preliminary Statement**

   On February 21, 2024, State Board Defendants' counsel disclosed to Plaintiff's counsel

that they intended to introduce what has now been marked as Exhibit D-22, a 76-minute video

recording of Plaintiff's general membership meeting on September 22, 2021, during which an

attorney for Plaintiff made statements in response to Plaintiff's members' questions and comments.

*See* Ex. D-22 at 37:04–50:02.[1] The next day, at the final pretrial conference, the Court admitted

---

[1] Although State Board Defendants suggested that the video was responsive to their requests for
production to Plaintiff and thus should have been disclosed in discovery, Plaintiff's counsel has
reviewed the requests and confirmed that it was nonresponsive for several reasons. *See* Madduri
Decl. Ex. A (State Board Defendants' First Request for Production of Documents to Plaintiff).
First, the segment of the video at issue does not contain any statements from Plaintiff about its

Exhibit D-22 as an opposing party's statement over Plaintiff's counsel's hearsay and relevance objections. *See* Fed. R. Evid. 801(d)(2).

Now that the Court has had the benefit of reviewing the contents of Exhibit D-22, Plaintiff respectfully requests that the Court reconsider its previous ruling on the grounds that (1) the attorney's out-of-court statements reflected in the video were made *to* Plaintiff—not on Plaintiff's behalf—and are thus inadmissible hearsay, and (2) the attorney's statements constitute legal theories, arguments, or conclusions that cannot be admitted at trial.

## II.   Legal Standard

To be sure, the standard for granting motions for reconsideration under Local Rule 6.3 is "strict." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The moving party must "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Petty v. City of New York*, No. 10 CIV. 8581 KPF, 2014 WL 7250945, at *1 (S.D.N.Y. Dec. 22, 2014); *see also Geo-Grp. Commc'ns, Inc. v. Shah*, No. 15 CIV. 1756 (KPF), 2020 WL 6729181, at *1–2 (S.D.N.Y. Nov. 16, 2020) (explaining that compelling reasons for granting a motion for reconsideration include "the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.

---

plans to conduct line warming activity or its fear of prosecution. Second, it does not speak to "any enforcement actions taken by any law enforcement agency" related to the challenged Line Warming Ban. Third, the recorded meeting took place after Plaintiff filed the lawsuit and therefore sheds no light on its decision to commence the action. In any event, State Board Defendants knew more than nine months ago that Plaintiff did not intend to search through its publicly accessible social media pages for responsive documents, *see* Madduri Decl. Ex. B (Plaintiff's Responses and Objections to State Board Defendants' First Set of Requests for Production), and made no effort to compel such a search. Nor, presumably, did they conduct their own search of Plaintiff's social media pages—to which Plaintiff provided links on May 17, 2023, including to the Facebook page on which State Board Defendants found Exhibit D-22—until the day before the final pre-trial conference, well after the deadline for designating exhibits.

1992))). Plaintiff meets that standard here because, as detailed below, it points the Court to several cases in support of its hearsay and relevance objections, as well as the evidence contained in Exhibit D-22 itself, which the Court had not had the opportunity to review before making its prior ruling.

### III. The Court should not attribute the attorney's out-of-court statements in Exhibit D-22 to Plaintiff.

The attorney was not speaking for Plaintiff when making statements at Plaintiff's general membership meeting, and her statements are therefore inadmissible hearsay—not admissions against interest by Plaintiff. "Generally an attorney's statements are those of the client only if made in the 'management of the litigation.'" *Vaccaro v. Alcoa S. S. Co.*, 405 F.2d 1133, 1137 (2d Cir. 1968). As one court explained, "it is necessary to distinguish between those statements of an attorney made in the management of the litigation or in-court-statements (i.e., judicial admissions by pleadings, oral or written stipulations and formal opening or closing statements), with '"casual" statements of counsel made outside of court.'" *Lightning Lube, Inc. v. Witco Corp.*, 802 F. Supp. 1180, 1198–99 (D.N.J. 1992) (quoting Kenneth S. Broun, 2 *McCormick on Evidence*, § 259 at 163 (4th Ed. 1992)), *aff'd*, 4 F.3d 1153 (3d Cir. 1993); *see also Moody v. Twp. of Marlboro*, 885 F. Supp. 101, 104 (D.N.J. 1995) ("Extrajudicial statements made by an attorney in casual conversation are typically not admissible against his client as an admission under Rule 801(d)(2)(D)."). "[T]he issue of whether an attorney's out-of-court statements are receivable as admissions against a client under Rule 801(d)(2)(C) should be treated as a question of whether the attorney has authority to act as agent and whether the statements were made in the course of exercising that authority." *Bensen v. Am. Ultramar Ltd.*, No. 92 CIV. 4420(KMW)(NRB), 1996 WL 422262, at *10 (S.D.N.Y. July 29, 1996) (citing Jack B. Weinstein & Margaret Berger, *Weinstein's Evidence* § 801(d)(2)(C)[1] (1995)). To make that determination, courts consider the

"context of the attorney's statement." *Starling v. Cronin*, No. 98 C 7900, 2002 WL 23896, at *2 (N.D. Ill. Jan. 7, 2002) (discussing *Moody v. Twp. of Marlboro*, 885 F. Supp. 101, 104 (D.N.J. 1995), and *United States v. Gregory*, 871 F.2d 1239, 1242–43 (4th Cir. 1989)).

Here, there is no question that the attorney was speaking *to* Plaintiff's leadership and members, refuting any notion that she was speaking *for* Plaintiff's leadership and members and thus acting as Plaintiff's agent at the time. Because the attorney's statements were made in the course of a conversation with her client and its members rather than as a representation to a third party—let alone to the Court—the statements go well "beyond what is normally considered the 'conduct of the litigation.'" *Vaccaro*, 405 F.2d at 1137.

Furthermore, courts regularly exclude out-of-court statements made by an attorney about the purported motivations for filing a lawsuit, even when they are made to the opposing party. For example, in *Lightning Lube, Inc.*, the Third Circuit affirmed the district court's ruling that it had previously erred in admitting evidence of attorneys' statements to the opposing party "implying that [their client] filed a counterclaim against [the opposing party] merely to destroy its business." 4 F.3d at 1181, 1182 (affirming district court's view that "the statements could not have been authorized implicitly because they were not related to the management of the litigation") (cited in *Bensen*, 1996 WL 422262, at *10). And in *Starling*, 2002 WL 23896 at *2, the court found that a plaintiff's attorney's "casual statements to [the defendant] in the hallway of the courthouse" informing the defendant "that he was filing a suit on behalf of [plaintiff] so that [plaintiff] could pay him" was inadmissible as hearsay because the attorney's "statements were made on behalf of himself—essentially asking [defendant] not to blame him for the suit because he was just doing his job—rather than on behalf of his clients." *Id.*; *see also Moody*, 885 F. Supp. at 104 (holding that lawyer's casual statement to opposing party during break in deposition was not within the

scope of attorney-client relationship for purposes of Rule 801(d)(2)(D)). Here, the case for exclusion is even stronger because counsel's statements about the motivations for the lawsuit were made to Plaintiff and its members instead of to the opposing party. *See* Ex. D-22 at 44:46–46:06.

**IV.    The Court should not admit the attorney's legal theories, arguments, or conclusions.**

At best, the attorney's statements constitute a single attorney's theory of the case and are not factual statements that properly constitute evidence. "[J]udicial admissions are limited to statements of fact, and do not include an attorney's legal theories, arguments, or conclusions." *Belabbas v. Inova Software Inc.*, No. 1:16-CV-07379-LGS, 2019 WL 13258046, at *3 (S.D.N.Y. Oct. 1, 2019) (quoting *In re Rsrv. Fund*, 2012 WL 12354233, at *8). Accordingly, "an attorney or party's theory of the case and legal conclusions cannot be admitted at trial." *Id.*; *see also NY State Nat. Org. for Women v. Terry*, 159 F.3d 86, 98 n. 7 (2d Cir. 1998) (noting that "judicial admissions . . . are statements of fact rather than legal arguments made to a court" and "Plaintiffs' statements of their theory of the case do not constitute judicial admissions"); *Fraternal Ord. of Police Lodge No. 89 v. Prince George's Cnty., MD*, 608 F.3d 183, 190 (4th Cir. 2010) ("Although a lawyer's statements may constitute a binding admission of a party, any such statement must be 'deliberate, clear, and unambiguous' before we will afford it preclusive effect.").

As Plaintiff's counsel explained at the conference, the attorney's out-of-court statements contained in Exhibit D-22 were off-the-cuff responses to ad hoc questions made eight days after the case was filed, when both the facts and legal theory were in the earliest stage of development. Once the statements are viewed in context, it is clear that the statements merely contain an attorney's characterization of the case and should not be admitted into evidence. *See, e.g.*, *MacDonald v. Gen. Motors Corp.*, 110 F.3d 337, 341 (6th Cir. 1997) (holding that attorney's statements that "dealt with opinions and legal conclusions" about a party's negligence and

causation were not "binding judicial admissions"); *Starbuck v. R.J. Reynolds Tobacco Co.*, 349 F. Supp. 3d 1223, 1235–36 (M.D. Fla. 2018) (finding that attorney's statements were not admissible because they "were not admissions of fact at all, but merely articulations of counsel's conception of the legal theory of the case"); *see also New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 24 (4th Cir. 1963) ("When counsel speaks of legal principles, as he conceives them and which he thinks applicable, he makes no judicial admission and sets up no estoppel which would prevent the court from applying to the facts disclosed by the proof, the proper legal principles as the Court understands them.").

## V.   Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court reverse its ruling to admit State Board Defendants' late-disclosed Exhibit D-22 and exclude the attorney's statements from the evidence.

Dated: February 26, 2024          Respectfully submitted,

By: */s/ Lalitha D. Madduri*
     Lalitha D. Madduri*
     Jyoti Jasrasaria*
     Richard A. Medina
     Meaghan Elysia Mixon*
     ELIAS LAW GROUP LLP
     250 Massachusetts Avenue NW, Suite 400
     Washington, DC 20001
     Tel: 202.968.4490
     Fax: 202.968.4498
     LMadduri@elias.law
     JJasrasaria@elias.law
     RMedina@elias.law
     MMixon@elias.law

     Abha Khanna*
     ELIAS LAW GROUP LLP
     1700 Seventh Avenue, Suite 2100
     Seattle, WA 98101
     Tel: 206.656.0177
     Fax: 202.968.4498
     AKhanna@elias.law

     Andrew G. Celli
     EMERY CELLI BRINCKERHOFF
     ABADY WARD & MAAZEL LLP
     600 Fifth Avenue, 10th Floor
     New York, NY 10020
     Tel: 212.763.5000
     Fax: 212.763.5001
     ACelli@ecbawm.com

     * Admitted *pro hac vice*

The Court is in receipt of Plaintiff's motion for reconsideration regarding the admission of Exhibit D-22. ("Recon. Br." (Dkt. #100)).

As a preliminary matter, the parties dispute whether Plaintiff violated its discovery obligations by not producing the video earlier. The Court has reviewed Plaintiff's explanation of its understanding of its discovery obligations (Recon. Br. 1 n.1); because the Court believes that any non-compliance was inadvertent, the fact that the video was not produced does not impact the Court's decision.

Plaintiff accurately states the law regarding reconsideration motions; the Court parts company with it over its application of the factual record to that law.

Plaintiff argues that the video cannot be seen as its statement because Ms. Mixon was "speaking to" the organization, rather than "speaking for" the organization. However, in this case, Plaintiff sought legal advice from the Elias Law Firm regarding the line-warming ban; received that legal advice; and allowed its members to question counsel about the statute and the litigation. And even though the original meeting was just for members only, Plaintiff then posted it to its public-facing Facebook site. In so doing, Plaintiff both manifested its adoption of the legal advice it received from its counsel and waived that advice by disclosing it to third parties. *See generally Rekor Sys., Inc.* v. *Loughlin*, No. 19 Civ. 7767 (LJL), 2023 WL 1972587, at *1-2 (S.D.N.Y. Feb. 10, 2023); *see also von Bulow by Auersperg* v. *von Bulow*, 811 F.2d 136, 144 (2d Cir. 1987)("[T]he burden is on a party claiming the protection of a privilege to establish those facts that are the essential elements of the privileged relationship." (quoting *In re Grand Jury Subpoena Dtd. January 4, 1984*, 750 F.2d 223, 224 (2d Cir. 1984)); *Schanfield* v. *Sojitz Corp. of America*, 258 F.R.D. 211, 214 (S.D.N.Y. 2009) ("It is well-established that voluntary disclosure of confidential material to a third party waives any applicable attorney-client privilege.").

The remainder of the submission contains Plaintiff's arguments that counsel's statements are not admissible at trial, either because they arose in the context of casual conversations or because they speak to NAACP's legal theories. (Recon. Br. 3-5). As an initial matter, the Court finds the cases cited on page 4 of Plaintiff's submission to be factually inapposite.

More to the point, the Court's admission of the exhibit at trial does not portend, how, if at all, the Court will consider the content of the exhibit in resolving the issues on trial.  The Court is aware of the permissible purposes for which it may consider the content of the exhibit.

Accordingly, Plaintiff's motion for reconsideration is DENIED.

The Clerk of Court is directed to terminate the pending motion at docket number 100.

Dated:     February 27, 2024          SO ORDERED.
           New York, New York

                                       HON. KATHERINE POLK FAILLA
                                       UNITED STATES DISTRICT JUDGE